# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-0590V

| | |
|---|---|
| CIARA NIELSEN,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: November 27, 2024 |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On January 12, 2021, Ciara Nielsen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccine received on December 13, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 23, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On November 27, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $55,000.00, as well as funds to satisfy a state of Maryland Medicaid lien in the amount of $218.30. Proffer at

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

1) **A lump sum payment of $55,000.00 in the form of a check payable to Petitioner; and**

2) **A lump sum payment of $218.30, representing compensation for satisfaction of the state of Maryland Medicaid lien, payable jointly to Petitioner and to:**

    **Wellpoint Maryland
    P.O. Box 659940
    San Antonio, TX 78265-9939**

Petitioner agrees to endorse this payment to Wellpoint Maryland.

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CIARA NIELSEN,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | No. 21-590V<br>Chief Special Master Corcoran<br>SPU |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On February 21, 2023, respondent filed a Rule 4(c) report and motion to dismiss petitioner's claim. ECF No. 33. Thereafter, on July 31, 2023, petitioner moved for a ruling on the record, to which respondent responded. ECF No. 35, 36. On August 23, 2024, the Chief Special Master issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for her left Shoulder Injury Related to Vaccine Administration ("SIRVA"). ECF Nos. 37-38.

**I.  Compensation for Vaccine Injury-Related Items**

Based on the evidence of record, respondent proffers that petitioner should be awarded **$55,000.00**. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a), with the exception of the reimbursement of the Medicaid lien, below. Petitioner agrees.

Respondent further proffers that petitioner should be awarded funds to satisfy a state of Maryland Medicaid lien in the amount of **$218.30**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the state of Maryland may have

against any individual as a result of any Medicaid payments that the state of Maryland has made to or on behalf of Ciara Nielsen from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about December 13, 2019, under Title XIX of the Social Security Act.  Petitioner agrees.[1]

## II. Form of the Award

Respondent recommends that the compensation provided to petitioner be made through two lump sum payments as described below:

(1) The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$55,000.00**, in the form of a check payable to petitioner.[2]  Petitioner agrees.

(2) A lump sum payment of **$218.30**, representing compensation for satisfaction of the state of Maryland Medicaid lien, payable jointly to petitioner and to:

> Wellpoint Maryland
> P.O. Box 659940
> San Antonio, TX 78265 - 9939

Petitioner agrees to endorse this payment to Wellpoint Maryland.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[1] The parties have no objection to the amount of the proffered award of damages.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's August 23, 2024 entitlement decision.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.

2

                                    HEATHER L. PEARLMAN
                                    Deputy Director
                                    Torts Branch, Civil Division

                                    COLLEEN C. HARTLEY
                                    Assistant Director
                                    Torts Branch, Civil Division

                                    <u>s/ *Mallori B. Openchowski*</u>
                                    MALLORI B. OPENCHOWSKI
                                    Trial Attorney
                                    Torts Branch, Civil Division
                                    U.S. Department of Justice
                                    P.O. Box 146, Ben Franklin Station
                                    Washington, DC 20044-0146
                                    Tel.: (202) 305-0660
                                    mallori.b.openchowski@usdoj.gov

DATED: November 27, 2024